

# IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

JOSHUA THOMAS BOGGESS,
Plaintiff,

v.

Case: 2:25-cv-11886
Assigned To : White, Robert J.
Referral Judge: Altman, Kimberly G.
Assign. Date : 6/23/2025
Description: CMP JOSHUA BOFFESS V CITY OF FLINT ET AL (SS)

CITY OF FLINT, FLINT POLICE DEPARTMENT, MAYOR SHELDON NEELEY, JOHN DOE OFFICERS 1-10, and other unknown agents and officials,
Defendants.

## VERIFIED COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF AND DAMAGES

### I. INTRODUCTION

This is a verified complaint seeking emergency injunctive relief and damages for the unlawful and retaliatory conduct of the City of Flint, its police department, and officials acting under color of law, who have targeted Plaintiff for exercising his First Amendment rights. Plaintiff is currently finalizing the adoption of four children, including a minor previously trafficked, and faces imminent irreparable harm from retaliatory interference. This Court must act now to prevent obstruction of the adoption process and further constitutional violations.

### II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985(3), 1986, and 18 U.S.C. §§ 241 and 242. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Flint, Michigan.

### III. PARTIES

Plaintiff JOSHUA THOMAS BOGGESS is a resident of Flint, Michigan, and the lawful prospective adoptive father of four minor children.

Defendants are the City of Flint, its Police Department, Mayor Sheldon Neeley, and John Doe Officers 1-10, whose identities are currently unknown but will be disclosed in discovery.

POOR QUALITY ORIGINAL

## IV. FACTUAL ALLEGATIONS

1. Plaintiff has actively exposed governmental corruption in Flint, including misuse of ARPA funds and suppression of free speech at public meetings.
2. Plaintiff was unlawfully arrested without probable cause after attempting to address City Council and demand accountability.
3. He was subjected to excessive force and processed without proper cause, warnings, or legal justification.
4. Plaintiff is in the final stages of adopting four children, with a court-approved finalization date of July 30–31, 2025.
5. Defendants have retaliated by threatening to interfere in the adoption process using CPS and related agencies.
6. Multiple children in Plaintiff's custody are trauma survivors requiring immediate legal stability.
7. Further interference will cause irreparable harm to Plaintiff and his family.

## V. CLAIMS FOR RELIEF

Count I – First Amendment Violations (42 U.S.C. § 1983)

Count II – Fourth Amendment Violations (Unlawful Seizure)

Count III – Fifth Amendment Violations (Due Process)

Count IV – Eighth Amendment Violations (Cruel and Unusual Punishment)

Count V – Fourteenth Amendment Violations (Equal Protection and Due Process)

Count VI – Conspiracy Against Rights (18 U.S.C. § 241)

Count VII – Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Issue an immediate Temporary Restraining Order preventing interference with Plaintiff's adoption process;
2. Set a Preliminary Injunction hearing to preserve Plaintiff's rights and family integrity;
3. Award compensatory and punitive damages to be proven at trial;
4. Grant any further relief the Court deems just and proper.


VERIFICATION

I, Joshua Thomas Boggess, declare under penalty of perjury that I have read the foregoing Verified Complaint and that the statements therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 23 day of June, 2025.

*[signature]*

Joshua Thomas Boggess

232 Browning Ave.
Flint MI. 48507

P.O. Box 7109
flint MI 48507

| STATE OF MICHIGAN | ORDER AFTER POSTTERMINATION REVIEW/ | CASE NO. |
|---|---|---|
| JUDICIAL CIRCUIT - FAMILY DIVISION | PERMANENCY PLANNING HEARING | 23000091-NA |
| SAINT CLAIR COUNTY | (CHILD PROTECTIVE PROCEEDINGS) | |
| | ORDER ___ OF ___ | TOMLINSON J. |
| | Court telephone no. | (810)985-2155 |

Court address: 201 MCMORRAN, ROOM 2108
PORT HURON MI 48060

In the matter of first and last name(s), alias(es):
XAVIER SMITH
ELEANA SMITH
ZOEY SMITH
ABEL SMITH

Petition #: 23009101

1. Last permanency planning hearing date: (Specify for each child if different.)
   XAVIER SMITH    2/20/2025
   ELEANA SMITH    2/20/2025
   ZOEY SMITH      2/20/2025
   ABEL SMITH      2/20/2025

2. Parental rights to the child(ren) named above were previously terminated.

3. Notice of hearing for the ☒review ☒permanency planning ☒combined review and permanency planning hearing was served as required by law.

☒4. The court has considered the permanency plan and other evidence presented. The findings below are specific to this case and are based upon this hearing, and
    ☒the following report(s): Identify report(s) and date(s) of report(s)
    REPORT DATED 5/8/25

THE COURT FINDS:

5. A ☒review ☒permanency planning ☒combined review and permanency planning hearing was conducted.

6. a. The lawyer-guardian ad litem ☒has ☐has not complied with the requirements of MCL 712A.17d.

   ☒b. The lawyer-guardian ad litem informed the court of the child(ren)'s wishes and preferences. These are:
   
   AS INDICATED ON THE RECORD
   
   ☐c. The lawyer-guardian ad litem did not inform the court of the child(ren)'s wishes and preferences because:
   
   ☐d. The child(ren)'s expressed interests are inconsistent with the lawyer-guardian ad litem's determination of the child(ren)'s best interests.
      ☐An attorney should be appointed for the child(ren). (See item 25.)

7. Reasonable efforts ☒have ☐have not been made to finalize the court-approved permanency plan of

---

USE NOTE: Use this form for posttermination review hearings, posttermination permanency planning hearings, or a combination of both in accordance with MCL 712A.19c.

Reference Note: The term "department" refers to the Michigan Department of Health and Human Services.

---

Approved, SCAO
Form JC16, Rev. 10/24
MCL 712A.19, MCL 712A.19c, MCL 712A.20, MCL 712B.9, MCL 722.123a,
MCR 3.975, MCR 3.979
Page 1

Page 2
Order After Posttermination Review/Permanency Planning Hearing (10/24)  Case No. 23000001-N

- ☒ a. adoption for the child(ren) named **ABOVE MINORS**
- ☐ b. legal guardianship for the child(ren) named _____
- ☐ c. placement with a fit and willing relative for the child(ren) named _____
- ☐ d. placement in another planned permanent living arrangement (APPLA) for the child(ren) age 16 or older named _____

  due to the compelling reasons that: (Specify the compelling reasons for another living arrangement by entering the language that corresponds to the number(s) from the list on the last page.)

The reasonable efforts made to finalize the court-approved permanency plan identified above include:
(Specify the permanency plan for each child and the reasonable efforts made toward finalizing that plan.)

> THAT REASONABLE EFFORTS INCLUDE BUT NOT LIMITED TO: COMPLETION OF ADOPTION QUARTERLY REPORT, COMPLETION OF THE ADOPTIVE FAMILY ASSESSMENTS, AND INITIATION OF THE CONSENT RECOMMENDATION PROCESS. FURTHER, PROVISION OF SERVICES INCLUDING BUT NOT LIMITED TO: FOSTER CARE CASE MANAGEMENT SERVICES, EDUCATION SERVICES, MEDICAL/DENTAL SERVICES, AND MENTAL HEALTH SERVICES.

8. The permanency planning goal in item 7  ☒ is appropriate.  ☐ is no longer appropriate and shall be: _____

9. Progress toward the child(ren)'s adoption or other permanent placement
   ☒ was  ☐ was not  made in a timely manner.

11. The child(ren)'s continued placement  ☒ is necessary and appropriate and is meeting the child(ren)'s needs.  ☐ is no longer necessary or appropriate.

**IT IS ORDERED:**

☒ 21. The department shall make reasonable efforts to finalize the permanency plan for each child.

☒ 25. Other:
PARTIES WERE PRESENT on 5/8/25 before Referee Samantha Lord.

That said minors remain committed to the Michigan Children's Institute for placement, care and supervision.

The Director of the Michigan Department of Human Services be made Special Guardian to receive any governmental benefits now due or to become due the minor from the Government of the United States.

That the agency has educated the caregivers on the "reasonable and prudent parent" standard and the child is currently being given the opportunity to participate in age-appropriate activities. The Court finds that the "reasonable and prudent parent" standard has been met.

That a review hearing be scheduled in three (3) months.

The recommendations of the Attorney Referee herein will become the ORDER OF THE COURT unless a party files a written request for a review by a Judge within 7 days.

☒ 26. Review hearings shall be held as follows:
(Note: The review hearing shall not be delayed beyond the number of days required regardless whether another matter is pending. MCL 712A.19a provides that the permanency planning hearing shall not be delayed beyond 12 months from the da

Case No. 23000

Order After Posttermination Review/Permanency Planning Hearing (10/24)

*of removal of the child and every 12 months thereafter.)*

☒ posttermination review hearing  7/31/2025 AT 9:30 A.M.
☒ permanency planning hearing  7/31/2025 AT 9:30 A.M.
☐ dispositional review hearing to terminate jurisdiction pursuant to MCR 3.979(C)

The supervising agency shall provide documentation of progress relating to all aspects of the last court-ordered treatment plan, including copies of evaluations and therapy reports and verification of parenting time not later than 5 business days before the scheduled hearing.

☒ 28.   ☒ Notice of the next hearing has been provided as required by law.
        ☐ Notice of the next hearing shall be provided.

Recommended by: _Samantha Lord_  5-14-25
Referee signature and date
SAMANTHA A. LORD

_[signature]_  6/10/25
Judge signature and date
JUDGE  JOHN D. TOMLINSON

**A TRUE COPY**
31st Judicial Circuit Court
Family Division

# JS 44 (Rev. 10/20) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Joshua Thomas Boggess

## DEFENDANTS
City of Flint, Flint Police Department, Mayor Sheldon Neeley, John Doe Officers 1-10

## (b) County of Residence of First Listed Plaintiff:
Genesee County

## County of Residence of First Listed Defendant:
Genesee County

## Attorneys (If Known):
Pro Se – Joshua Thomas Boggess

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for plaintiff and one for defendant.)
Plaintiff: [X] 1 Citizen of This State
Defendant: [X] 1 Citizen of This State

### IV. NATURE OF SUIT (Place an "X" in One Box Only)
[X] 440 Other Civil Rights
[X] 550 Civil Rights/Constitutional
[ ] 555 Prisoner Rights
[ ] 890 Other Statutory Actions

### V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court

### VI. CAUSE OF ACTION
42 U.S.C. § 1983 – Civil Rights Violation; 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law

### VII. REQUESTED IN COMPLAINT
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
[X] DEMAND $: Injunctive Relief + Damages
[X] JURY DEMAND: Yes

### VIII. RELATED CASE(S) IF ANY (See instructions):
Not Applicable

Signature of Attorney of Record: _____

Date: June 23, 2025