UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA THOMAS BOGGESS,

    Plaintiff,

v.

CITY OF FLINT, et al.,

    Defendants.

Case No. 25-cv-11886

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Joshua Thomas Boggess's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327–28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Here, Plaintiff asserted seven claims for relief. (ECF No. 1, PageID.2). But as explained below, none of Plaintiff's claims survive scrutiny under § 1915(e)(2)(B). As a result, the Court will dismiss Plaintiff's complaint. In doing

2

so, the Court will dismiss Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) and Plaintiff's Emergency Motion for Stay of Entry and Enforcement (ECF No. 6) as moot.

## I. Analysis

### A. Counts III, IV, VI, and VII are Legally Invalid.

The Court will dismiss Counts III, IV, VI, and VII as legally deficient. To start, Plaintiff's Fifth Amendment due process claim (Count III) cannot survive as Defendants consist exclusively of local actors, (ECF No. 1, PageID.1–2). *See Myers v. Village of Alger, Ohio*, 102 Fed. App'x 931, 933 (6th Cir. 2004) (recognizing that the Fifth Amendment "only applies to the federal government, not state or local governments").

Plaintiff's Eighth Amendment claim (Count IV) is similarly unviable. Plaintiff claimed that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1, PageID.2). The only basis for an Eighth Amendment claim the Court can discern is Plaintiff's allegation that the police officer Defendants used excessive force when they arrested and processed him. (*Id.*). But given that the Eighth Amendment governs excessive force claims made by convicted prisoners, and not those claims arising from the arrest of "free citizen[s]," Plaintiff's claim cannot proceed. *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015).

Lastly, Counts VI and VII arise under criminal statutes that Plaintiff, as a private citizen, cannot enforce. Specifically, Plaintiff alleged violations of 18 U.S.C. § 241 for conspiracy against rights and of § 242 for deprivation of rights under color of law. (ECF No. 1, PageID.2). But neither statute provides Plaintiff with a private right of action. *See United States v. Oguaju*, 76 Fed. App'x 579, 581 (6th Cir. 2003) (upholding dismissal of appellant's claims because he lacked private right of action under §§ 241 and 242). Nor is Plaintiff, as a private citizen, able to "initiate a federal criminal prosecution of the [D]efendants for their alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 Fed. App'x 307, 308–09 (6th Cir. 2004); *see also Otworth v. Dorwin*, No. 20-2153, 2021 WL 2104499, at *3 (6th Cir. May 11, 2021). Because Plaintiff is unable to pursue claims under these statutes, the Court will dismiss Counts VI and VII.

    **B.    Not Only Does Plaintiff Lack Standing to Assert Counts I and V, but He Also Failed to Sufficiently Allege the Elements of these Claims.**

Plaintiff does not have standing to assert either his First Amendment claim (Count I) or his Fourteenth Amendment claims (Count V) because his alleged injury is hypothetical. Likewise, Plaintiff failed to adequately plead the required elements of his First and Fourteenth Amendment claims. Considering standing and sufficient pleadings are essential to the survival of a claim, the Court finds that the lack of both is fatal to Counts I and V.

To establish standing, "a plaintiff must show that the plaintiff has suffered an injury, that the defendant's conduct likely caused the injury, and that the relief sought will likely redress the injury." *Assoc. of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 537 (6th Cir. 2021). In addition, the injury suffered must be "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted) (cleaned up). For both Counts I and V, the associated injury is Defendants' threatened interference with the adoption process. (ECF No. 1, PageID.2). That is, according to Plaintiff, Defendants retaliated against his active exposure of "governmental corruption in Flint, including misuse of ARPA funds and suppression of free speech at public meetings" by "threatening to interfere in the adoption process using CPS and related agencies." (*Id.*). But Plaintiff did not allege such interference actually occurred. Nor is it evident from the pleadings that the harm is imminent, such that Defendants' interference is "*certainly* impending." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013). Because Plaintiff relied on a possible future injury as the basis for Counts I and V, his injury is merely speculative and overall insufficient to establish standing. *See id.*

What is more, Plaintiff failed to plead all elements of his First and Fourteenth Amendment claims as required under § 1915(e)(2)(B)(ii). To begin, Plaintiff appeared to allege a First Amendment retaliation claim under 42 U.S.C. § 1983, which requires that "(1) [an individual] engaged in protected conduct, (2) the

5

defendant took an adverse action that is capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the [individual's] protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citation omitted) (cleaned up); *see also Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006). But critically, the complaint contained no reference to any adverse action related to the adoption, only threatened action. (*Id.*). Without an alleged adverse action, Plaintiff's claim fails.

Plaintiff's Fourteenth Amendment due process and equal protection claims suffer from similar deficiencies. To state procedural due process claim under the Fourteenth Amendment, the plaintiff must allege "(1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest." *Thomas v. Montgomery*, -- F.4th --, No. 24-5637, 2025 WL 1622169, at *3 (6th Cir. June 9, 2025) (citation omitted) (cleaned up). Here, even if Plaintiff had a protected liberty interest to be free from unnecessary governmental interference in the adoption process, he alleged no deprivation of such interest.

Likewise, Plaintiff's Fourteenth Amendment equal protection claim is facially insufficient. "The Equal Protection Clause of the Fourteenth Amendment 'protects

6

against invidious discrimination among similarly-situated individuals or implicating fundamental rights.'" *Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)). It "bars governmental discrimination that either (1) burdens a fundamental right, (2) targets a suspect class, or (3) intentionally treats one differently from others similarly situated without any rational basis for the difference." *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 527 (6th Cir. 2023). Plaintiff offered no explanation for how he fits into the equal protection framework. He neglected to show that Defendants burdened his fundamental right to adoption, if such a right exists, given that no interference has yet to occur. And he did not allege that he is part of a suspect class, or that Defendants intentionally treated him differently from others similarly situated. Ultimately, the Court finds that Plaintiff's failure to allege all elements of his claims under Counts I and V requires dismissal.

### C. Count II Consisted of Conclusory Allegations Insufficient to State a Claim.

In the last remaining claim (Count II), Plaintiff asserted a Fourth Amendment violation alleging that the police officer Defendants (1) used excessive force during his arrest and processing and (2) lacked probable cause to arrest him in the first place. (ECF No. 1, PageID.2). Plaintiff's claims, however, are based on conclusory allegations insufficient to state a claim. The Federal Rules require "a short and plain

7

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a Plaintiff need not set forth detailed factual allegations under Rule 8, the Rule still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings." *Brittenham v. McRoberts*, No. 10-10477, 2010 WL 1136500 (E.D. Mich. Mar. 22, 2010) (citing *Lillard v. Shelby Cnty. Board of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

Plaintiff asserted a Fourth Amendment claim under § 1983 based on the use of excessive force by the police officer Defendants when arresting him as well as allegations that the same Defendants arrested Plaintiff without probable cause. (ECF No. 1, PageID.2). But Plaintiff did not allege what these Defendants did that constituted "excessive force," nor did he explain why they lacked probable cause for his arrest. (*Id.*). Rather, Plaintiff stated that these events occurred without sufficient facts for the Court to draw a reasonable inference that Defendants are liable for the alleged misconduct. At present, Plaintiff's claims are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" the Supreme Court explicitly

8

foreclosed from proceeding. *Iqbal*, 556 U.S. at 678. As a result, the Court will dismiss Plaintiff's claim under Count II.

Overall, none of Plaintiff's claims survive scrutiny under § 1915(e)(2)(B), and the Court will dismiss the complaint in its entirety. The dismissal of the complaint also renders moot Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) and Plaintiff's Emergency Motion for Stay of Entry and Enforcement (ECF No. 6). Accordingly,

IT IS ORDERED that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

IT IS FURTHER ORDERED that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4) is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Stay of Entry and Enforcement (ECF No. 6) is MOOT.

Dated: July 2, 2025

s/Robert J. White
Robert J. White
United States District Judge